

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | )<br>) |
| LEONARD A. JOSEPH and<br>KELLY M. JOSEPH, | ) CASE NO. 08-31738-H3-7<br>) |
| Debtors, | )<br>) |
| SOVEREIGN BUILDERS GROUP, LTD., | )<br>) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 08-3190 |
| LEONARD A. JOSEPH and<br>KELLY M. JOSEPH, | )<br>)<br>) |
| Defendants. | )<br>) |

MEMORANDUM OPINION

The court has held a hearing on the "Plaintiff's Second Motion for Sanctions Pursuant to FRCP 37 and Second Motion for Default/Summary Judgment" (Docket No. 50). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Leonard A. Joseph and Kelly M. Joseph ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 18, 2008. Rod S. Kemsley signed the petition as Debtors'

attorney.

On April 22, 2008, Debtors filed a notice of voluntary conversion of their bankruptcy case from Chapter 13 to Chapter 7. (Docket No. 28, Case No. 08-31738-H3-7).

On June 6, 2008, Sovereign Builders Group, Ltd. d/b/a Construction, Ltd. ("Plaintiff") filed the original complaint in the instant adversary proceeding. (Docket No. 1). On the same date, Plaintiff filed a certificate of service, indicating that copies of the complaint were served on, inter alia, Kemsley.

On June 23, 2008, Plaintiff filed a return of service, indicating that Jodi Jones served Debtors by first class mail directed to the address in Debtors' Chapter 7 petition, with the summons, the complaint, and the comprehensive scheduling order.

On August 15, 2008, Plaintiff gave notice of an examination of Debtors under Bankruptcy Rule 2004. Plaintiff served Debtors at the address contained in the Chapter 13 petition, and also served Kemsley. (Docket Nos. 52, 53, Case No. 08-31738-H3-7).

On August 26, 2008, the court held a status conference in the above captioned adversary proceeding. Plaintiff appeared through counsel George Mejlaender. Debtors did not appear.

On August 29, 2008, Debtors moved to substitute Yvette Recio as their counsel in the Chapter 7 case. (Docket No. 58, Case No. 08-31738-H3-7). The motion to substitute counsel was

granted, by order entered September 22, 2008 (Docket No. 59, Case No. 08-31738-H3-7).

On October 12, 2008, Plaintiff filed its second motion for default judgment (Docket No. 12).[1]

On October 16, 2008, Leonard Joseph, pro se, filed a document titled "Special Apperance Concerning Service," in which he asserted that Plaintiff failed to properly serve the complaint. He requested that the second motion for default judgment be denied, and that he be allowed to present a defense.

On November 25, 2008, the court held a hearing on Plaintiff's second motion for default judgment. Mejlaender appeared on behalf of Plaintiff. Leonard Joseph appeared, pro se. Kelly Joseph did not appear. At the hearing, Leonard Joseph announced that he anticipated hiring an attorney to represent Debtors in the above captioned adversary proceeding. The court denied the second motion for default judgment, and ordered Leonard Joseph to file an answer.

On December 8, 2008, Leonard Joseph filed, purportedly on behalf of both Debtors, a document titled "Response to Complaint" (Docket No. 17). The court construes the document as an answer.

---

[1] The first motion for default judgment (Docket No. 8) was denied without prejudice, for the reason that Plaintiff requested relief beyond that sought in the complaint.

On February 24, 2009, Plaintiff gave notice to Debtors of intention to take their depositions at the offices of a court reporter on March 27, 2009.  The notice of depositions was served on Debtors at the address in their bankruptcy petition, and on Recio.  (Docket Nos. 20, 21).

On April 5, 2009, Plaintiff filed a certificate of nonappearance, signed by the court reporter, indicating that Debtors failed to appear for the depositions on March 27, 2009. (Docket No. 22).

On April 15, 2009, Plaintiff filed a motion to strike Leonard Joseph's answer, and for attorney fees and costs as monetary sanctions, as a result of Debtors' failure to make initial disclosures and appear for their depositions.  (Docket No. 24).

After a hearing on June 9, 2009, attended by Mejlaender, but not by Debtors, the court ordered that Debtors appear for depositions on June 26, 2009, at the offices of the court reporter.  (Docket No. 37).  On motion of Plaintiff (Docket No. 38), the order was amended to award $1,575.00 in sanctions to Plaintiff, for services rendered by Mejlaender through June 10, 2009.  (Docket No. 44).

On August 5, 2009, Plaintiff filed the first amended complaint in the above captioned adversary proceeding.  In the first amended complaint, Plaintiff seeks a determination that

$261,500 plus attorney fees and postjudgment interest pursuant to a state court judgment be determined to be nondischargeable, plus attorney fees with respect to this adversary proceeding.[2] Plaintiff asserts that, after it obtained judgment against Leonard Joseph, and tagged heavy equipment owned by Debtors or their solely owned corporation for execution, Debtors fraudulently prepared documents purporting to show that the heavy equipment was not owned by Debtors or their company, but rather by a company owned by Leonard Joseph's mother.  Attached to the first amended complaint is a certificate of service, indicating service on Debtors at the address listed in the bankruptcy petition and a second address, 24611 Country Oaks Blvd., Montgomery, Texas. (Docket No. 46).

On August 5, 2009, Plaintiff filed a certificate of nonappearance, signed by the court reporter, indicating that Debtors failed to appear for the depositions on June 26, 2009. (Docket No. 48).

On August 7, 2009, Plaintiff filed the instant motion, seeking an order striking Leonard Joseph's answer, granting additional monetary sanctions, and default judgment on the complaint.  (Docket No. 50).

---

[2]The court notes that the amended complaint restates and clarifies the causes of action asserted in the original complaint.  No new theories of recovery were pled.  Some theories of recovery pled in the original complaint were not pled in the first amended complaint.

5

On September 24, 2009, the court held an evidentiary hearing on the instant motion, to allow Mejlaender to present evidence as to his attorney fees.  Mejlaender appeared on behalf of Plaintiff.  Debtors did not appear.

At the hearing on September 24, 2009, Bruce Allegar, an attorney who does not represent Debtors, appeared.  Allegar is not admitted to the bar for the Southern District of Texas, did not seek admission <u>pro</u> <u>hac</u> <u>vice</u>, and did not file a notice of appearance in the instant adversary proceeding.  He stated that he was not representing Debtors, and that he has not reviewed the subject matter of the instant adversary proceeding.  Allegar sought a continuance of the hearing on the instant motion, on grounds Debtors were in Puerto Rico looking for work, and anticipated hiring an attorney to represent them in the above captioned adversary proceeding.  The court determined that Allegar would not be permitted to appear representing Debtors, and that he lacked standing to seek a continuance on his own behalf.

At the hearing on September 24, 2009, Mejlaender testified that his regular hourly rate is $150 per hour.  He testified that his regular hourly rate for paralegals is $75 per hour.  He testified that he expended 60 hours of his time, and 55 hours of paralegal time, in work on the instant adversary proceeding.  He testified that $15,000 is a reasonable total for

attorney fees and costs in the instant adversary proceeding.

The record remained open at the close of the hearing to allow Plaintiff to provide a certified copy of the state court judgment upon which the above captioned adversary proceeding is based. On September 24, 2009, Plaintiff filed a certified copy of the state court judgment. (Docket No. 63). The state court default judgment, entered August 23, 2007, grants to Plaintiff damages of $251,130.80, plus court costs of $400.00, attorney fees of $9,750.00, and postjudgment interest at an annual percentage rate of 8%.[3]

Conclusions of Law

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7037, provides:

> (2) Sanctions in the District Where the Action Is Pending.
>
> > (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> >
> > > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

---

[3]These amounts total $261,280.80. Interest at 8% from the date of the state court judgment, August 23, 2007, to the date of filing of the bankruptcy petition, March 18, 2008, is $11,851.70, for a total of $273,132.50.

>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 37(b)(2)(A), Fed. R. Civ. P.

When a court awards default judgment as a discovery sanction, two criteria must be met. First, the penalized party's discovery violation must be willful. Second, the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect. Smith v. Smith, 145 F.3d 335 (5th Cir. 1998).

The court may consider whether the discovery violation prejudiced the opposing party's preparation for trial. Batson v. Neal Spelce Assocs., 765 F.2d 511 (5th Cir. 1985).

In the instant case, Debtors' discovery violations have been willful. Leonard Joseph appeared at the November 25, 2008 hearing, asserting that he intended to hire an attorney to assist in his defense of the instant adversary proceeding. Yet Leonard

Joseph filed an answer pro se, and nine months later at the hearing on the instant motion continued to assert, by way of an appearance of counsel who did not represent him, that Plaintiff's requests for relief should be further delayed in order to allow him to obtain the services of an attorney.  Notwithstanding the court's twice denying motions for default judgment, in order to give Debtors additional opportunities to appear for deposition, Debtors have failed to appear for depositions.

     As to the deterrent effect of sanctions, the court has twice denied motions for default judgment and granted continuances for over eleven months to allow Debtors to seek to employ counsel.  Mr. Joseph has appeared at hearings, and demonstrated that he is aware of the instant adversary proceeding.  Nonetheless, Debtors have repeatedly failed to appear for depositions, even after this court specifically ordered, on June 15, 2009, that they appear for depositions on June 26, 2009.  The court has previously awarded monetary sanctions against these debtors in bankruptcy, but the monetary sanctions have been ineffective to procure Debtors appearance for depositions.  The burden of proof rests with the Plaintiff in the instant adversary proceeding, and the testimony of Debtors would almost certainly be necessary to establish the facts Plaintiffs have asserted in the complaint.  There appears to be no lesser effective sanction than striking of Debtors' answer, granting

default judgment to Plaintiffs, and awarding attorney fees.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on October 6, 2009.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE